# AFFIDAVIT OF SPECIAL AGENT BRENDAN C. FOGERTY IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

## INTRODUCTION

I, Brendan C. Fogerty, having been first duly sworn, herby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed as a Special Agent of the FBI since September 2014. I am currently assigned to the FBI Boston Division, Violent Crime Task Force. From September 2014 to January 2015, I attended the FBI Academy at Quantico, Virginia. While at the academy, I conducted 100 hours of investigative training, 90 hours of legal training, and 33 hours of evidence preservation training. I conducted 121 hours of practical applications training, which combined tactical, investigative, legal, evidence preservation, and interviewing in various scenarios. As a Special Agent with the Violent Crimes Task Force, I have responded to the report of and conducted investigations into a wide array of violent crime.

2. I am currently involved in the investigation of a sexual assault of a 15 year-old boy that was reported to have occurred in the early morning hours of August 14, 2017 aboard the Norwegian Dawn, a cruise ship that traveled from Boston, Massachusetts to Bermuda. The sexual assault, which occurred while the ship was docked in Bermuda, was reported to ship security and then to the Bermuda Police Service on August 14, 2017. The FBI was notified on that same date.

3. This affidavit is submitted in support of a criminal complaint charging Adam Christopher Boyd ("BOYD"), YOB 1986, of Bay Springs, Mississippi, with one count of sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). I also seek a warrant for his arrest.

4. The statements contained in this affidavit are based in part on: victim and witness statements taken by ship security and Bermuda Police Service on August 14 and 15, 2017;

witness statements taken by FBI agents and task force officers in Boston on August 18, 2017; written reports about this investigation that I have received, directly or indirectly, from other law enforcement agents, including the Bermuda Police Service; information gathered from the review of physical evidence, including medical reports and surveillance footage provided by ship security; and my experience, training, and background as a Special Agent with the FBI.

5. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and an arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested complaint and warrant.

## RELEVANT STATUTES

6. Title 18, United States Code, Section 2243(a) provides, in pertinent part:

    *Whoever, in the special maritime and territorial jurisdiction of the United States … knowingly engages in a sexual act with another person who—*

    *(1) has attained the age of 12 years but has not attained the age of 16 years; and*

    *(2) is at least four years younger than the person so engaging;*

    *or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.*

7. Title 18, United States Code, Section 2246 defines "sexual act" to mean:

    (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

*(B)  contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;*

*(C)  the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or*

*(D)  the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.*

8. Title 18, United States Code, Section 7(8) defines the term "special maritime and territorial jurisdiction of the United States" to include:

    *To the extent permitted by international law, any foreign vessel during a voyage having a scheduled departure from or arrival in the United States with respect to an offense committed by or against a national of the United States.*

### STATEMENT OF PROBABLE CAUSE

#### Background

9. I am aware, from consultation with Norwegian Cruise Lines (NCL) security, that the Norwegian Dawn is a Bahamas-flagged cruise ship operated by Norwegian Cruise Lines (Bahamas) LTD. It is equipped with a surveillance system that records video footage of various parts of the ship. From April to October, the Norwegian Dawn offers cruises from Boston, Massachusetts to Bermuda.

10. On August 11, 2017, the Norwegian Dawn embarked on a seven-day cruise to Bermuda from Boston, Massachusetts. The Norwegian Dawn arrived at the Royal Naval Dockyard

in Bermuda on August 13, 2017, where it was scheduled to spend three days in port before beginning its return voyage to Boston.

11. According to NCL security, 30 year-old BOYD, a United States citizen from Bay Springs, Mississippi, was a registered passenger on the vessel.

12. According to NCL security, 15 year-old Minor A (YOB 2002),[1] a United States citizen, was also a registered passenger on the vessel.

### The sexual assault

13. Unless noted otherwise, the description of events in the paragraphs that follow is derived from written and verbal statements made by Minor A to investigators. Minor A made statements to ship security, to the Bermuda Police Service, and to medical personnel in the course of a sexual assault evidence collection kit, all during the afternoon and evening of August 14 and into the early morning hours of August 15, 2017.

14. Minor A reported that, during the evening of August 13, 2017 and into the early morning hours of August 14, 2017, he had been drinking alcohol with other individuals he had met on the cruise.

15. On August 14, 2017, Minor A was walking on the 13th deck of the ship, when he encountered a group of individuals that he had previously met on the cruise. Within that group was BOYD, who Minor A had *not* previously met. The ship's surveillance video confirms this meeting and shows that it occurred at approximately 1:12 am.

16. According to Minor A, at some point, BOYD asked how old Minor A was; Minor A responded that he was 15. At some point in their conversation, BOYD informed Minor A that he was a hairdresser. Minor A agreed to allow BOYD to braid his hair.

---

[1] Minor A's identity is known to this affiant.

17. On August 18, 2017, in Boston, Massachusetts, I interviewed a 22 year-old SB (YOB 1995),[2] who was also a passenger on the ship. According to SB, who was one of the individuals in the group hanging out on the 13th deck, at approximately 2:00 am, BOYD asked SB if he was sure Minor A was 15 years old. SB confirmed that Minor A was, in fact, 15 years old, and not 18, as BOYD suggested.

18. According to Minor A, at some point, Minor A asked if someone in the group could assist him back to his room on the ship. BOYD volunteered to escort him, and, because Minor A expressed concern about his father seeing him intoxicated, BOYD offered to let him stay in his room. Minor A declined.

19. Surveillance footage shows BOYD and Minor A leaving the group at approximately 2:18 am. In statements to the Bermuda Police Service on August 15 and to the FBI on August 18, 2017, 18 year-old SV (YOB 1999),[3] a passenger who was hanging out with the group, indicated that Minor A appeared to be intoxicated when he left at this time with BOYD.

20. According to Minor A, after they left the group, BOYD and Minor A walked to a stairwell on the 13th deck. Once they were there, BOYD began kissing Minor A. Minor A stated that BOYD put his hands down Minor A's pants and felt him. BOYD again offered to take Minor A to his room but Minor A declined. Surveillance footage shows that they arrived at the stairwell at approximately 2:36 am, and shows them sitting together on the stairwell. The two appear to be physically interacting, but because of the angle of the camera and low lighting, it is difficult to determine the nature of the touching.

---

[2] SB's identity is known to this affiant, but is redacted here in the interest of his privacy, given that this affidavit will likely become a public document.
[3] SV's identity is known to this affiant, but is redacted here in the interest of her privacy, given that this affidavit will likely become a public document.

21. SV's 16 year-old sister RV (YOB 2001),[4] also a passenger on the ship who had met Minor A and BOYD, made statements to ship security on August 14, 2017, the Bermuda Police Service on August 15, 2017, and the FBI on August 18, 2017. In their statements, SV and RV indicated that, after leaving the group (as described above), Minor A and BOYD returned briefly to where RV was hanging out on the 12th deck before walking off together again.

22. According to Minor A, BOYD and Minor A thereafter proceeded to a secluded area on the 14th deck. Minor A stated that BOYD started to kiss him and then put his hands down Minor A's pants and felt his genitals. BOYD faced Minor A away from him, toward the wall, and inserted his penis inside Minor A's anus. Minor A reported that he asked BOYD what he was doing, but otherwise was too drunk and froze, not knowing what to say or do. Minor A does not think that BOYD ejaculated. Surveillance footage shows BOYD and Minor A approaching this area of the ship at approximately 2:45 am. The details of their interaction are not visible because of their distance from the camera and low lighting.

23. I have reviewed statements made to ship security on August 14 and the Bermuda Police Service on August 15, 2017 by AV,[5] a head steward on the Norwegian Dawn who was on duty from 8:00 pm on August 13, 2017 to 8:00 am on August 14, 2017. AV reported that while he was doing rounds between 1:30 am and 2:30 am, he observed a person running towards the basketball court area of the ship. He described him as a young boy, who appeared to be in his teens, approximately 5'2", wearing a hat. Witness B followed the

---

[4] RV's identity is known to this affiant, but is redacted here in the interest of his privacy, given that this affidavit will likely become a public document.
[5] AV's identity is known to this affiant, but is redacted here in the interest of his privacy, given that this affidavit will likely become a public document.

boy towards a stairwell, which leads down from deck 14 to deck 13. Witness B observed the boy with a second person, whose face he could not see but who appeared to him to be male with blonde hair wearing a light green shirt, walking down the stairs.

24. Surveillance footage shows BOYD and Minor A leaving the 14th deck at approximately 2:50 am and depicts Minor A adjusting his shorts a short time thereafter.

25. At approximately 2:58 am, the ship's surveillance cameras track BOYD back to his room on the 10th deck.

26. According to Minor A, he returned directly to the 13th deck where he encountered a group of teenagers whom he had befriended earlier during the cruise. Minor A told this group that he was just sexually assaulted and wanted to rally the group to physically confront the person who assaulted him. This group was unable to locate the subject and quickly dispersed.

27. In her statements to ship security, the Bermuda Police Service, and the FBI, RV confirmed that when Minor A rejoined them, alone, he said that he had been raped.

28. According to the statements made by SB and SV, at some point in the early morning hours, they came upon Minor A on the 13th deck, sitting by himself. Minor A, who appeared upset, told SB and SV that he had been sexually assaulted. SB and SV attempted to console Minor A, who they described as crying and apparently drunk. SV reported that she stayed with Minor A for approximately two and a half hours, until he went back to his room.

29. Surveillance footage shows that at approximately 4:51 am, Minor A returned to his room.

30. Later that same day, August 14, 2017, Minor A reported the sexual assault to a family member with whom he was traveling, who in turn alerted the ship's security. He made a

statement to ship security, was interviewed by the Bermuda Police Service, and submitted to a sexual assault evidence collection kit at a nearby hospital.[6]

31. During his interview, Minor A reported that he did not feel pain upon being anally penetrated, but that it was uncomfortable and, in the time following the assault, he felt sore.

**Identification of BOYD**

32. Minor A described the individual who assaulted him as a white male with a southern accent who identified himself as being from Mississippi, with a similar hair style as Minor A, grayish-brown curly hair, brown eyes, approximately 6'-6'1", with an average build, about 28 years old, and wearing red shorts and a button-up shirt.

33. SV described the 30 year-old man with Minor A as wearing light orange shorts and a sky blue shirt. RV described him as having dirty blonde curly hair, about 5'10" and medium build, and wearing pink shorts with a bright blue shirt.

34. The ship's security was able to track BOYD departing the 14th deck at approximately 2:50 am and descend toward the 13th deck. BOYD continued on toward his room (where he was registered by name) on the 10th deck at approximately 2:58 am.

35. A record check on BOYD through NCIC reveals that he is listed as 6'0", 190 lbs, with hazel eyes, and brown hair. The Mississippi driver's license on file with the ship lists his height as 5'10" and his weight as 170 lbs. A photo taken of BOYD boarding the ship depicts him with curly blonde hair.

36. On August 14, 2017, the Bermuda Police Service boarded the Norwegian Dawn and encountered BOYD in his room. They placed him under arrest and cautioned him that he was being arrested on suspicion of sexual assault, he was not obliged to say anything, but

---

[6] Forensic analysis of the kit has not yet been completed.

if he did, it may be used in evidence against him.  I have reviewed the reports generated by the officers involved.

37. As the Bermuda Police Service searched BOYD's room, they asked BOYD what clothes he was wearing the night prior.  BOYD stated that he was wearing peach colored shorts, a green button down shirt, and navy blue boxers.  These items, which appeared to be consistent with the clothing depicted in the surveillance footage, were seized by the Bermuda Police Service.

38. As officers searched BOYD's room, they asked him if he had been with a boy the night prior, and he indicated that he thought he had.  He denied providing the boy with alcohol and noted that the boy had a bottle of champagne.

39. After BOYD was processed at the police station, he submitted to a medical examination.  When the officer present during the exam informed the examining doctor that the assault involved allegations of anal penetration, the defendant said, "there was no penetration."

40. At the writing of this affidavit, BOYD remains in Bermuda.

**CONCLUSION**

41. Based on all of the foregoing information, I submit that there is probable cause to believe that, while in the special maritime or territorial jurisdiction of the United States, Adam Christopher BOYD knowingly engaged or attempted to engage in a sexual act with Minor A, a person who had not attained the age of 16 and who was four years younger than BOYD, in violation of Title 18, United States Code, Section 2243(a).

Sworn to under the pains and penalties of perjury,

_____
BRENDAN C. FOGERTY
Special Agent, FBI

Sworn and subscribed to before me this 30th day of August, 2017.

_____
Honorable M. Page Kelley
United States Magistrate Judge